"O"

Scan

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 14 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. LUCCHESI, | Case No. SACV 04-318-SVW (RNB) |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

**PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint on March 16, 2004, seeking review of the Commissioner's denial of his application for disability insurance benefits. On February 25, 2005, the Court issued a Report and Recommendation wherein the Court recommended that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for the payment of benefits. Following the filing of objections by the Commissioner and opposition to the Commissioner's

DOCKETED ON CM

JUL 17 2006

objections by plaintiff, the District Judge issued an Order adopting the Report and Recommendation. Pursuant to that Order, Judgment was entered on May 11, 2005 in accordance with the Court's recommendation.

On June 10, 2005, plaintiff filed a Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). Plaintiff sought therein an award in the amount of $9,989.42, for a total of 63.55 hours of attorney time allegedly expended in this matter (including time allegedly expended in connection with the EAJA Petition) at an applicable hourly rate of $157.19. In her ensuing opposition to the EAJA Petition, the Commissioner did not contend that plaintiff's fee application was untimely, or challenge plaintiff's status as a prevailing party. Nor did the Commissioner contend that special circumstances here made an award unjust. Nor did the Commissioner dispute plaintiff's calculation of $157.19 as the appropriate hourly fee rate. Rather, the Commissioner contended that fees should not be awarded because the Government's position was substantially justified; and that, even if plaintiff were entitled to an award of fees, the fees sought by plaintiff for work performed in connection with the instant case nonetheless should be reduced because the hours claimed were excessive and unreasonable.

In its Report and Recommendation filed July 14, 2005, the Court rejected the Commissioner's contention that the Government's position was substantially justified. However, the Court did find that the hours plaintiff's counsel claimed to have expended were excessive and unreasonable. Further, the Court found and concluded that the total number of hours reasonably expended by plaintiff's counsel for work performed in connection with this case was 35.1. The Court therefore recommended that the EAJA Petition be granted in part, and that the Commissioner be directed to pay to plaintiff the sum of $5,517.37 (compensating 35.1 hours at the requested hourly rate of $157.19). That recommendation was adopted by the District Judge in an Order filed August 31, 2005, after the objections period lapsed without either side filing objections.

1    Pursuant to the Judgment remanding for the payment of benefits, the
2 Commissioner notified plaintiff on September 25, 2005 that he would be receiving
3 back benefits of $51,151.20, and that $15,344.00 was being withheld for attorney's
4 fees.
5    On June 5, 2006, plaintiff's counsel filed a Motion for Attorney's Fees Pursuant
6 to 42 U.S.C. § 406(b) (hereinafter the "Motion"). The Motion sought an award of
7 additional attorneys fees in the amount of $9,826.63, which plaintiff's counsel derived
8 by subtracting the $5,517.37 in EAJA fees already awarded from the $15,344.00
9 being withheld. Based on its initial review of the Motion, the Court issued a Minute
10 Order on June 7, 2006, wherein the Court advised that the Motion was deficient in the
11 following respects. First, although plaintiff's counsel represented that the moving
12 papers were served on plaintiff, he did not indicate that, in his notice to plaintiff, he
13 advised plaintiff that he could file any statement or opposition with the Court not
14 more than 14 days after service of the Motion, and that any statement or opposition
15 filed by plaintiff would have to be served on both plaintiff's counsel and the AUSA.[1]
16 Second, the Motion contained no analysis of the reasonableness of the fees sought.
17 The Court noted in this regard that, in its Report and Recommendation on plaintiff's
18 EAJA application, the Court had found that only 35.1 hours of time was reasonably
19 expended for work performed in connection with this case. When the $15,344 in
20 gross fees now sought by plaintiff's counsel was divided by 35.1, it worked out to an
21 effective hourly rate of $437.15. Plaintiff's counsel had adduced no evidence to
22 justify such an hourly rate (e.g., evidence of his background and experience, and/or
23 evidence of his normal hourly rates during the relevant period for non-contingency
24 fee cases). Accordingly, the Court ordered plaintiff's counsel to serve and file
25 supplemental papers rectifying the foregoing deficiencies within 10 days, and
26
27    [1] The Court's March 18, 2004 Case Management Order required plaintiff's
28 counsel to provide such notice.

3

extended the deadline for plaintiff and the Commissioner to serve and file a response to the Motion, if either opposed the Motion or otherwise wished to be heard with respect to the reasonableness of the amount of § 406(b) fees sought by plaintiff's counsel, to 20 days from plaintiff's counsel's service of the supplemental papers.

On June 16, 2006, plaintiff's counsel filed a Supplemental Brief in support of the Motion. The Commissioner filed a Response to the Motion on June 28, 2006, wherein she advised that it appeared that plaintiff's counsel was entitled to fees under § 406(b), but took no position on the reasonableness of the hourly rate sought. On June 29, 2006, plaintiff filed a position statement, wherein he disavowed having discussed the terms of any fee agreement with plaintiff's counsel when plaintiff's counsel first took on the representation and also disavowed ever having agreed to a contingency fee arrangement. Plaintiff also expressed therein his belief that a 25% flat fee was excessive. On July 6, 2006, plaintiff's counsel filed a supplemental declaration in response to plaintiff's position statement.

Thus, this matter now is ready for decision. This Report and Recommendation shall constitute the Court's findings of fact and conclusions of law.

## DISCUSSION

42 U.S.C. § 406(b) provides in pertinent part:

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees under § 406(b). Rejecting the "lodestar method" which

4

several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." 535 U.S. at 807.

In determining whether the $15,344.00 in gross fees sought by plaintiff's counsel pursuant to § 406(b) is reasonable for the services rendered, the Court has considered the following.

    1.    By plaintiff's counsel's own admission, he does not have a signed fee agreement with plaintiff. Moreover, plaintiff's counsel has not adduced any competent evidence that plaintiff orally agreed to engage him on a contingency basis, and plaintiff has disavowed ever having agreed to a contingency fee arrangement. Under California law, contingency fee agreements between attorneys and clients must be in writing and must contain certain specified terms. See Cal. Bus. & Prof. Code § 6147(a). Further, even if plaintiff's counsel had proven that the parties entered into an oral contingency fee agreement (which he has not), California law still would accord plaintiff the option of voiding the agreement. See Cal. Bus. & Prof. Code § 6147(b). The Court infers from the statement by plaintiff's counsel that "[p]laintiff has refused to sign the [contingency fee] agreement since the entry of judgment in his favor" and from the plaintiff's position statement that plaintiff would

choose to void the agreement, even if the Court were prepared to find that an oral contingency fee agreement was made.

2. While plaintiff's counsel has no legal entitlement to be compensated for his services on a contingency fee basis, he nevertheless is entitled to be compensated for the reasonable value of his services on a quantum meruit basis. See Iverson, Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 4th 990, 996, 90 Cal. Rptr.2d 665 (1999) ("[W]here services have been rendered under a contract which is unenforceable because not in writing, an action generally will lie upon a common count for quantum meruit."); Malibou Lake Mountain Club, Ltd. v. Smith, 18 Cal. App. 3d 31, 36 n.5, 95 Cal. Rptr. 553 (1971) (noting that "[i]f there were no express attorney fee contract, the fact that counsel had been employed had obligated the club to pay, in quantum meruit, the reasonable value of the services"); see also Flannery v. Prentice, 26 Cal. 4th 572, 589, 28 P.3d 860, 110 Cal. Rptr. 2d (2001) ("Even in circumstances where the Legislature has required a written fee agreement (e.g., Bus. & Prof. Code, §§ 6147 [contingency fee agreements], 6148 [other agreements for fees exceeding $1,000] ), it has provided that, while noncompliance renders the agreement voidable, the attorney nevertheless is 'entitled to collect a reasonable fee' ( id., §§ 6147, subd. (b), 6148, subd. (c)).").

3. As noted above, in its Report and Recommendation concerning the EAJA Petition (which the District Judge adopted), the Court found and concluded that the total number of hours reasonably expended for work performed in connection with this case was 35.1. Thus, the Court's determination of the reasonable value of the services rendered by plaintiff's

\\
\\
\\
\\

counsel in this case turns on what the Court finds would constitute a reasonably hourly rate for plaintiff's counsel's time during the relevant period.[2]

4. In his Supplemental Brief, plaintiff's counsel was unable to adduce any evidence of his normal hourly rates during the relevant period for non-contingency fee cases. According to plaintiff's counsel, the only hourly billing he has performed has been in connection with fee petitions before the District Court wherein the hourly rate is dictated by the EAJA, and he "has not billed a client hourly outside of an EAJA fee petition in last several years and cannot recall the last time a client was billed on an hourly on a straight, legal services for hourly-rate basis." Thus, if the Court were inclined to make its determination solely on the basis of the evidentiary showing made by plaintiff's counsel, the Court would be compelled (a) to find and conclude that plaintiff's counsel has not established that a reasonable hourly rate for his time during the relevant period exceeds the hourly rate dictated by the EAJA, and (b) to recommend the denial of the Motion since plaintiff's counsel already has been compensated at the EAJA hourly rate for the 35.1 hours the Court found he reasonably expended.

5. However, based on its experience in ruling on other § 406(b) fee applications, the Court has decided to take judicial notice of the Altman, Weil Small Law Firm Economic Survey for 2000 (copy attached). According to that survey, the average hourly rate as of January 1, 2000 for the proprietor of a small law firm of 12 or less attorneys in California was $250. Since the legal services by plaintiff's counsel here were rendered in 2004 and the first part of 2005, the Court also has decided to take judicial notice of data from the U.S.

---

[2] According to the summary of services provided by plaintiff's counsel, the time frame during which his services were rendered was March 1, 2004 through May 11, 2005.

7

Department of Labor, Bureau of Labor Statistics (copy attached), which evidences a dramatic increase in the cost of legal services since January 1, 2000. The Court finds that this data justifies a 27% increase in the January 1, 2000 rate, from $250 to $317.50, for the relevant period.[3]

6.  Computed at the foregoing hourly rate, the Court finds that the reasonable value of the services rendered by plaintiff's counsel in this case is $11,144.25 (i.e., $317.50 times 35.1). The Court notes that this amount does not exceed § 406(b)'s 25% "boundary," but it does exceed by **$5,626.88** the $5,517.37 in EAJA fees previously paid.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting in part plaintiff's counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b); (3) directing the Commissioner to pay plaintiff's counsel an additional **$5,626.88** from the $15,344.00 in back benefits being withheld by the Commissioner; and (4) directing the Commissioner to release to plaintiff the balance of the withheld back benefits.

DATED: July 14, 2006

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court derived the 27% adjustment factor by calculating the average index figure during the relevant period, and then comparing that figure to the index figure for January, 2000.

# THE 2000 SMALL LAW FIRM ECONOMIC SURVEY

Conducted by
ALTMAN WEIL, INC.
CONSULTANTS TO THE LEGAL PROFESSION

Published by
ALTMAN WEIL PUBLICATIONS, INC.
Two Campus Boulevard, Suite 200
Newtown Square, PA 19073
(610) 359-9900

Visit our website: http://www.altmanweil.com
Shop our new on-line store: https://store.altmanweil.com

Suite 200
Two Campus Boulevard
Newtown Square, PA 19073
610-359-9900

Suite 535
2121 N. California Boulevard
Walnut Creek, CA 94596
925-287-8211

Suite 202
8555 W. Forest Home Avenue
Milwaukee, WI 53228
414-427-5400

23 Berkeley Square
London, W1X 6HE, England
011-44-207-665-6649

Price $395

Authorization to photocopy information contained in this survey for the internal or personal use of the purchaser, or the internal or personal use of specific individuals in the purchaser's organization, or for use in court proceedings and arbitrations, is granted by Altman Weil Publications, Inc., provided that the source and Altman Weil Publications, Inc., copyright is noted on the reproduction. Copying for purposes other than internal or personal reference or court/arbitration proceedings requires the express permission of Altman Weil Publications, Inc. For permission, contact Alan Olson at Altman Weil Publications, Inc., Two Campus Boulevard, Suite 200, Newtown Square, PA 19073.

COPYRIGHT © 2000, ALTMAN WEIL PUBLICATIONS, INC., NEWTOWN SQUARE, PA 19073

REGION
STANDARD HOURLY BILLING RATES
As of January 1, 2000

| Region/Status | | Number of Offices | Number of Positions | RATE | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| California | Partner/Shareholder/Proprietor | 20 | 62 | 250 | 199 | 250 | 288 | 336 |
| | Associates | 14 | 49 | 171 | 138 | 165 | 193 | 250 |
| | All Paralegals | 12 | 33 | 86 | 75 | 87 | 100 | 120 |
| West | Partner/Shareholder/Proprietor | 29 | 84 | 195 | 165 | 188 | 224 | 255 |
| | Associates | 21 | 61 | 149 | 133 | 150 | 170 | 180 |
| | All Paralegals | 18 | 40 | 75 | 61 | 75 | 85 | 95 |
| South Central | Partner/Shareholder/Proprietor | 7 | 20 | 174 | 141 | 175 | 214 | 248 |
| | Associates | 6 | 19 | 112 | 85 | 100 | 130 | 150 |
| | All Paralegals | 3 | 8 | -- | -- | -- | -- | -- |
| West Central | Partner/Shareholder/Proprietor | 18 | 50 | 167 | 150 | 173 | 200 | 210 |
| | Associates | 13 | 35 | 130 | 100 | 130 | 150 | 170 |
| | All Paralegals | 7 | 22 | 65 | 50 | 65 | 75 | 95 |
| East Central | Partner/Shareholder/Proprietor | 40 | 149 | 175 | 135 | 170 | 205 | 250 |
| | Associates | 28 | 96 | 135 | 110 | 125 | 160 | 202 |
| | All Paralegals | 20 | 51 | 63 | 50 | 60 | 70 | 93 |
| South | Partner/Shareholder/Proprietor | 40 | 134 | 169 | 130 | 175 | 200 | 235 |
| | Associates | 32 | 79 | 124 | 95 | 120 | 145 | 175 |
| | All Paralegals | 33 | 86 | 63 | 50 | 60 | 75 | 80 |
| Northeast | Partner/Shareholder/Proprietor | 38 | 110 | 180 | 150 | 175 | 200 | 228 |
| | Associates | 23 | 62 | 131 | 101 | 128 | 150 | 174 |
| | All Paralegals | 21 | 49 | 76 | 60 | 75 | 85 | 90 |



# U.S. Department of Labor
## Bureau of Labor Statistics

*Bureau of Labor Statistics Data*



**www.bls.gov**

Search | A-Z Index

BLS Home | Programs & Surveys | Get Detailed Statistics | Glossary | What's New | Find It! In DOL

**Data extracted on: June 29, 2006 (09:29 AM)**

---

## Consumer Price Index-All Urban Consumers

**Series Catalog:**

Series ID : CUUR0000SEGD01

Not Seasonally Adjusted
Area : U.S. city average
Item : Legal services
Base Period : DECEMBER 1986=100

**Data:**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Ann |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1996 | 153.5 | 153.7 | 155.0 | 156.0 | 157.3 | 157.4 | 158.0 | 158.3 | 158.6 | 158.6 | 159.3 | 159.3 | 157.1 |
| 1997 | 159.7 | 160.1 | 160.7 | 161.0 | 161.5 | 164.0 | 163.8 | 166.5 | 166.5 | 167.2 | 167.4 | 167.5 | 163.8 |
| 1998 | 168.6 | 169.9 | 170.2 | 170.5 | 171.1 | 171.2 | 171.3 | 171.9 | 172.9 | 173.8 | 174.0 | 174.6 | 171.7 |
| 1999 | 175.7 | 177.3 | 178.2 | 178.6 | 179.6 | 179.6 | 180.0 | 180.9 | 181.5 | 182.3 | 182.5 | 183.5 | 180.0 |
| 2000 | 184.9 | 185.6 | 186.0 | 187.8 | 188.7 | 189.1 | 190.2 | 191.0 | 191.5 | 192.2 | 192.5 | 192.6 | 189.3 |
| 2001 | 193.4 | 194.7 | 195.5 | 196.1 | 196.6 | 196.8 | 199.5 | 203.0 | 203.2 | 204.8 | 204.9 | 205.1 | 199.5 |
| 2002 | 207.0 | 208.6 | 209.7 | 209.7 | 210.9 | 211.1 | 211.2 | 211.8 | 212.3 | 212.7 | 213.7 | 213.9 | 211.1 |
| 2003 | 216.1 | 218.8 | 221.1 | 221.2 | 221.4 | 221.8 | 222.0 | 222.3 | 223.1 | 223.6 | 224.5 | 224.6 | 221.7 |
| 2004 | 226.5 | 228.4 | 230.3 | 231.1 | 231.5 | 231.9 | 232.5 | 233.6 | 234.3 | 234.8 | 235.6 | 236.6 | 232.3 |
| 2005 | 238.5 | 238.3 | 239.3 | 239.5 | 242.1 | 241.8 | 243.0 | 243.2 | 243.4 | 243.5 | 243.8 | 244.6 | 241.8 |
| 2006 | 246.0 | 246.6 | 247.4 | 247.1 | 247.8 | | | | | | | | |

---

▲ **Back to Top**                                                                                       www.dol.gov

Frequently Asked Questions | Freedom of Information Act | Customer Survey
Privacy & Security Statement | Linking to Our Site | Accessibility

U.S. Bureau of Labor Statistics                                                              Phone: (202) 691-5200